IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-30040 |
| | ) | |
| JOHN BEARD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on May 25, 2006, for re-sentencing pursuant to this Court's Order entered in open court in the Defendant's § 2255 proceeding. <u>Beard v. United States</u>, Case No. 05-3113 (Minute Entry dated February 28, 2006). This matter was tried, and on November 27, 2002, a jury found Defendant Beard guilty of all three Counts in the Superseding Indictment (d/e 18). The jury found Beard guilty of possession of 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession of 5 grams of cocaine base ('crack") with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C.

1

§ 924(c)(1)(A)(i) (Count 3). The United States Probation Office has prepared a Fourth Revised Presentence Investigation Report, dated April 4, 2006 (PSR). The Government has no objections to the PSR.

Beard objects to the findings in paragraphs 22, 23, and 24 which hold him accountable for a total of 2,765.45 grams of cocaine as relevant conduct. Beard states that the findings in these paragraphs are based on the statements of Homer Harris to law enforcement officials and his testimony at trial. Beard argues that Homer Harris is not credible. After considering all of the evidence presented by the parties and the statements of counsel, the Court overruled the objections. For reasons stated of record, the Court found that Homer Harris was credible with respect to the amounts set forth in these paragraphs, and the Government has established these amounts by a preponderance of the evidence.

Beard waived all other objections to the PSR. Therefore, the Court adopted the findings of the PSR as its own. Accordingly, the Court found that Defendant Beard had an offense level of 32 on Counts 1 and 2, and was in Criminal History Category V. Count 3 carries a mandatory consecutive minimum sentence of 60 months. The resulting Guideline sentencing range was 188 to 235 months for Counts 1 and 2, plus a

mandatory consecutive sentence of 60 months for Count 3, in Zone D of the Guideline Range.  The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Beard's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information.  <u>United States v. Booker</u>, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

THEREFORE, after considering the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Beard, the Court re-sentenced Defendant Beard to a term of 188 months imprisonment on each of Counts 1 and 2 of the Superseding Indictment, to be served concurrently, plus 60 months on Count 3 of the Superseding Indictment, to be served consecutively; to be followed by eight years of supervised release on each of Counts 1 and 2, and three years of supervised release on Count 3, all to be served concurrently. No fine was imposed.  The Defendant was ordered to pay a $100 special assessment, if he has not already done so, which was due immediately.  The Court informed Beard of his appeal rights, and Beard stated that he wished to appeal.  The Court directed the Clerk to file a notice of appeal on behalf of Beard.  Beard also made an oral motion to

appeal the decision in his § 2255 proceeding. The Court indicated that a notice of appeal would also be filed in that case. Beard's appointed counsel inquired whether his appointment to represent Beard would continue on appeal. Pursuant to Circuit Rule 51, Beard's current counsel remains his counsel on appeal of this criminal matter. Counsel must direct any requests to withdraw to the Court of Appeals.

IT IS THEREFORE SO ORDERED.

ENTER: __May 31__, 2006.

        FOR THE COURT:

                                        __s/Jeanne E. Scott__
                                        JEANNE E. SCOTT
                           UNITED STATE DISTRICT JUDGE