E-FILED
Tuesday, 08 April, 2008   04:12:39 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
|                                                         ) | |
| Plaintiff,           ) | |
|                                                         ) | |
| v.                                                    ) | No.  02-30040 |
|                                                         ) | |
| JOHN BEARD,                                 ) | |
|                                                         ) | |
| Defendant.        ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Federal Public Defender's Motion to Withdraw as Counsel (d/e 133) (Motion to Withdraw). Defendant Beard filed a Motion to Reduce Sentence (d/e 130) based on the retroactive Amendment to the Sentencing Guideline range regarding crack cocaine sentencing. The Court appointed the Federal Public Defender to represent Defendant in this matter. Text Order entered February 8, 2008.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced
> to a term of imprisonment based on a sentencing
> range that has subsequently been lowered by the

1

> Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n.1(A).

The Defendant was re-sentenced by this Court on May 25, 2006, to a sentence of 188 months imprisonment on each of Counts 1 and 2, to run concurrently with each other, and 60 months imprisonment on Count 3, to run consecutively to Counts 1 and 2. The Court adopted the findings of the Fourth Revised Presentence Investigation Report (d/e 116) (PSR) with respect to the determination of Beard's Guideline range. <u>May 31, 2006 Sentencing Opinion (d/e 108)</u>, at 2. The Defendant's Guideline range was determined based on the use of the Drug Equivalency Table because the Defendant was held accountable for both cocaine base and powdered

cocaine. <u>PSR</u>, ¶¶ 26, 32; U.S.S.G. § 2D1.1 comment n.10. The Federal Public Defender has determined that, under the current Drug Equivalency Table, the Defendant's offense level is unchanged even after the retroactive Amendment. <u>Motion to Withdraw</u>, ¶¶ 8-9. As such, the Federal Public Defender concluded that the retroactive Amendment would not apply to Beard, and thus, asks for permission to withdraw as counsel. <u>Motion to Withdraw</u>, ¶ 10.

THEREFORE, the Federal Public Defender's Motion to Withdraw as Counsel (d/e 133) is GRANTED. Defendant is allowed to pursue this matter *pro se.*

Defendant shall file with this Court no later than May 30, 2008, a pleading that either: (a) concedes that the Amendment does not apply, or (b) explains why the Amendment applies.

IT IS THEREFORE SO ORDERED.

ENTER: April 8, 2008

    FOR THE COURT:

                            s/ Jeanne E. Scott
                            JEANNE E. SCOTT
                UNITED STATES DISTRICT JUDGE